**UNITED STATES of America**

**v.**

**THE M/V WM. E. VOYCE, Jr., her engines, tackle, apparel, furniture, etc., Harbor Towing Corporation, a corporation, and Manning Moore.**

**Adm. No. 4191.**

United States District Court
D. Maryland.
June 15, 1961.

Joseph D. Tydings, U. S. Atty., Daniel H. Honemann, Asst. U. S. Atty., Baltimore, Md., and Anthony W. Gross, Attorney, Admiralty & Shipping Section, Department of Justice, Washington, D. C., for libelant.

William A. Grimes and Ober, Williams, Grimes & Stinson, Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

The United States brought this libel against M/V Voyce, her engines, etc., in rem, and against Harbor Towing Corporation, the owner of the vessel, and Manning Moore, her master, in personam, charging violations of 33 U.S.C.A. §§ 192 and 208, in four separate counts or causes of action, and seeking the penalties provided by 33 U.S.C.A. §§ 158 and 159.[1] Answers were filed by the corporation, as respondent and claimant of the vessel, and by Moore. Thereafter, the government served interrogatories under Admiralty Rule 31, 28 U.S.C.A., on each of the respondents. Moore has objected to answering the interrogatories, relying on the Fifth Amendment and Admiralty Rule 30, which provides:

> "*What either party may object to answering*
>
> "Either party may object by proper pleadings to answering any allegation contained in any pleading or interrogatory filed by the other party, which will tend to expose him, it, or them, to any prosecution or punishment for crime, or for any penalty or any forfeiture of his, its or their property for any penal offense."

The corporation objects to answering the interrogatories, relying on Admiralty Rule 30. It originally relied on the Fifth Amendment, but now concedes that the Fifth Amendment does not protect it.

1. "§ 158. *Penalty for violations by pilot, engineer, mate, or master*

"Every licensed and unlicensed pilot, engineer, mate, or master of any vessel who violates the provisions of this chapter or the regulations established pursuant hereto shall be liable to a penalty of not exceeding $500, and for all damages sustained by any passenger, in his person or baggage, as a result of such violation: *Provided,* that nothing herein shall relieve any vessel, owner, or corporation from any liability incurred by reason of such violation. As amended Aug. 14, 1958, Pub.L. 85-656, § 1, 72 Stat. 612."

"§ 159. *Penalty for violations by vessel*

"Every vessel which is navigated in violation of any of the provisions of this chapter or the regulations established pursuant hereto shall be liable to a penalty of $500, one-half to go to the informer, for which sum such vessel may be seized and proceeded against by action in any district court of the United States having jurisdiction of the offense. As amended Aug. 14, 1958, Pub. L. 85-656, § 1, 72 Stat. 612."

"§ 192. *Speed in fog, etc. (Art. 16)*

"Every vessel shall, in a fog, mist, falling snow, or heavy rainstorms, go at a moderate speed, having careful regard to the existing circumstances and conditions.

"A steam vessel hearing, apparently forward of her beam, the fog signal of a vessel the position of which is not ascertained shall, so far as the circumstances of the case admit, stop her engines, and then navigate with caution until danger of collision is over. June 7, 1897, c. 4, § 1, 30 Stat. 99."

"§ 208. *Duty of steam vessel to slacken speed (Art. 23)*

"Every steam vessel which is directed by these rules to keep out of the way of another vessel shall, on approaching her, if necessary, slacken her speed or stop or reverse. June 7, 1897, c. 4, § 1, 30 Stat. 101."

The corporation has also moved for an order dismissing it as a respondent on the ground that neither sec. 158 nor 159 provides for penalties against the owner of a vessel. This point is easily disposed of. The corporation must be dismissed as an original respondent in personam, but it remains a party to the case as the claimant of respondent M/V Wm. E. Voyce, Jr., her engines, etc., which may be liable under sec. 159.

The government has suggested that Rule 30 does not apply to vessels or their corporate claimants but only to individuals. However, Rule 30 uses the word "it" and the word "its" in two places where those words would be meaningless if not intended to apply to vessels and corporations.

The government's principal contention is that Moore waived his rights under the Fifth Amendment and Rule 30, and that the corporation waived its rights under Rule 30 by answering the libel and denying the allegations and certain articles thereof. In reply to each of the counts, Moore and the corporation admitted the allegations of jurisdiction, ownership, etc., but denied the "matters and facts alleged in" two articles of each count, of which the following articles taken from the first count are typical:

"Seventh: On or about February 28, 1959, the said M/V Wm. E. Voyce, Jr., while proceeding in navigable waters of the United States, to wit, Chesapeake Bay off Sharp's Island, Maryland, having in tow the Barge Bethcoal No. 1, Official Number 272579, and while navigating in a fog, failed to proceed at a moderate speed in all the existing circumstances and conditions, all in violation of the provisions of Title 33, United States Code, Section 192.

"Eighth: By reason of the premises the said M/V Wm. E. Voyce, Jr., and the respondent Harbor Towing Corporation, and each of them, became and is liable to the libelant United States of America for a pecuniary penalty in the sum of $500, as prescribed by Title 33, United States Code, Sections 159 and 192, and the libelant is entitled to proceed against said M/V Wm. E. Voyce, Jr., *in rem* for collection of said penalty."

They raised no affirmative defenses and alleged no facts in reply to any of the causes of action. They merely denied the charges made against them. It is not necessary to decide whether an allegation of facts in any pleading would prevent the pleader from thereafter claiming the benefit of Rule 30 with respect to interrogatories. It is sufficient to hold that the mere denial of the charges does not amount to such a waiver, and I so hold. The government may be able to obtain some of the desired information under the new discovery rules.

Counsel will prepare an appropriate order.